UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:15-CV-860 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| PREMIER ONE HOLDINGS, INC., et al., | |
| Defendant(s). | |

Presently before the court is defendant Augusta Belford and Ellingwood Homeowners Association's (the "HOA") motion to dismiss. (Doc. #16). Plaintiff Bank of America, N.A. ("BANA") filed a response (doc. #21), and the HOA filed a reply. (Doc. #25). Also before the court is defendant Premier One Holdings, Inc's ("Premier One") motion to dismiss. (Doc. #26). BANA filed a response (doc. #32), and Premier One filed a reply. (Doc. #39).

**I.     Background**

This case arises from a post-nonjudicial foreclosure sale. Antonio Chaidez and Jaime Mendoza purchased the property commonly known as 9109 Spur Creek Ave. Las Vegas, Nevada 89178 (the "property"). (Doc. #16). In 2011, HOA, through HOA trustee, recorded a notice of default and election to sell to satisfy the delinquent assessment lien. Per the notice, the amount due to the HOA was $2,289.00, including assessments, dues, interest, fees and collection costs. (Doc. #1). Thereafter, BANA claims that it attempted to remit payment to HOA to satisfy the super-priority amount owed to the HOA, but the HOA rejected BANA's offer. (*Id.*).

BANA filed the instant complaint against defendants asserting claims for declaratory relief/quiet title, wrongful foreclosure, breach of NRS 116.1113, and injunctive relief. (*Id.*)

**James C. Mahan**
**U.S. District Judge**

However, Premier One filed a virtually identical action in the Eighth Judicial District Court for Clark County, Nevada, over a year before the instant action, on January 23, 2014. (Doc. #39, Exh. 1). BANA removed that case to federal district court on or about February 18, 2014. (Doc. #39, Exh 2). Subsequently, Premier One filed a motion to remand and BANA did not oppose that motion. (Doc. #39, Exh. 3). That case was, consequently, remanded to state court. (*Id.*).

There was no action in the state court case between March 2014 and April 2015. Many cases involving HOA foreclosures had no movement or were stayed during this period pending a ruling by the Nevada Supreme Court. On April 20, 2015, Judge Kenneth Cory issued an order to show cause. (Doc. #39, Exh. 4). The order to show cause clearly stated: "Cases dismissed under this rule may be reactivated within 30 days upon written request of a party or party's attorney. [A hearing is not required pursuant to this rule but may be permitted by the Court.]" (*Id.*). On May 6, 2015, the court conducted a hearing on its order to show cause. Premier One's then-attorney failed to appear. The court ordered the case dismissed and closed on May 6, 2015. A written order dismissing the case was issued on June 10, 2015. (Doc. #39, Exh. 6). On the same day, pursuant to EDCR 2.90, Premier One's attorney filed an ex-parte application to reopen and reinstate the state court case. (Doc. #39, Exh. 7). Thereafter, the state court reopened the case. (Doc. #39, Exh. 8).

On May 7, 2015, BANA filed the instant action in federal court, after the state court orally dismissed the case, but before the state court had issued a written order and Premier One moved to have the case reinstated. After the state court case was fully reinstated, Primer One filed a motion to dismiss this case based on the prior exclusive jurisdiction doctrine. (Doc. #26). The HOA also filed a motion to dismiss for failure to state a claim for relief. (Doc. #16).

**II.     Legal Standard & Discussion**

Premier One's motion to dismiss contends that this court lacks jurisdiction under the prior exclusive jurisdiction doctrine. (Doc. #26). BANA argues that the prior exclusive jurisdiction doctrine should not apply because BANA filed this action while the state court action was dismissed. (Doc. #32). BANA's complaint lists four causes of action 1) quiet title against Premier One; 2) wrongful foreclosure against the HOA; 3) breach of NRS 116.1113 against the HOA; and

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    4) injunctive relief against Premier One. (Doc. #1).  Premier One's previously filed state court
2    complaint against BANA and the HOA[1] makes a claim to quiet title, seeks an injunction to prevent
3    a foreclosure sale by the defendants, and seeks attorneys fees and costs. (Doc. #39, Exh. 2).

4    Although the HOA's motion to dismiss was the first filed in this action, the court must first
5    evaluate Premier One's motion to dismiss to determine whether it has jurisdiction to rule upon the
6    HOA's substantive arguments.

7    Under the Supreme Court's prior exclusive jurisdiction doctrine, if a state or federal court "has
8    taken possession of property, or by its procedure has obtained jurisdiction over the same," then the
9    property under that court's jurisdiction "is withdrawn from the jurisdiction of the courts of the
10   other authority as effectually as if the property had been entirely removed to the territory of another
11   sovereign." *State Engineer v. S. Fork Band of Te–Moak Tribe of W. Shoshone Indians,* 339 F.3d
12   804, 809 (9th Cir. 2003) (emphasis omitted) (quoting *Palmer v. Texas,* 212 U.S. 118, 125 (1909)).

13   The doctrine of prior exclusive jurisdiction is now best understood as a mandatory common
14   law rule of judicial abstention. *See One 1985 Cadillac Seville,* 866 F.2d at 1145; *accord Penn*
15   *Gen.,* 294 U.S. at 195, 55 S.Ct. 386; *In re Simon,* 153 F.3d 991, 996 (9th Cir.1998); *Metro. Fin.*
16   *Corp. of Cal. v. Wood,* 175 F.2d 209, 210 (9th Cir.1949). That is, when "one court is exercising *in*
17   *rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the
18   same *res.*" *Chapman,* 651 F.3d at 1043 (internal quotation marks omitted).

19   The Ninth Circuit has made clear that, "[t]he purpose of the rule is the maintenance of comity
20   between courts; such harmony is especially compromised by state and federal judicial systems
21   attempting to assert concurrent control over the res upon which jurisdiction of each
22   depends." *United States v. One 1985 Cadillac Seville,* 866 F.2d 1142, 1145 (9th Cir.1989) (citing
23   *Penn Gen. Cas. Co. v. Pennsylvania ex rel. Schnader,* 294 U.S. 189, 195 (1935))

24   The property at issue in BANA's quiet title and wrongful foreclosure claims is also the subject
25   of Premier One's action filed in Nevada state court. Under Nevada law, quiet title and wrongful
26   foreclosure are considered *in rem* or *quasi in rem*; therefore, the prior exclusive jurisdiction

---

[1] Premier One argues that the parties in both actions are identical. In the state court action, Premier One filed against BANA and the trustee for the HOA. In the instant action, BANA filed against Premier One and the HOA itself. (Doc. #26).

**James C. Mahan**
**U.S. District Judge**

- 3 -

doctrine applies. *Chapman v. Deutsche Bank Nat'l Trust Co. (Chapman II),* 302 P.3d 1103, 1107 (Nev. 2013). Any damages recovered with respect to BANA's wrongful foreclosure claim are "incidental to the central relief requested in the complaint: possession of, and title to, the property." *Chapman,* 651 F.3d at 1046.

"[T]he court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." *Penn Gen. Cas. Co. v. Commonwealth of Pa. ex rel. Schnader,* 294 U.S. 189, 195 (1935). Jurisdiction attaches upon the filing of the complaint. *Id.* at 196; *Chapman I,* 651 F.3d at 1044–45.

Although BANA filed this action after Premier One's state court action had been dismissed, Premier One applied for and obtained reinstatement of the previously initiated state court proceedings. When the state court reinstated the action, it did not give the case a new filing number; no new summonses were issued; there was no new filing fee; and, most importantly, the complaint was not refiled. Consequently, the Nevada district court first asserted jurisdiction over the proceedings the day the complaint was filed, January 23, 2014, well before BANA commenced this action. (Doc. #39, Exh. 1); *Penn Gen.* 294 U.S. at 196; *Chapman I,* 651 F.3d at 1044–45. Because the federal district court assumed jurisdiction over BANA's quiet title action after the state court exercised jurisdiction over Premier One's quiet title action, the state court's exercise of jurisdiction takes priority.

Additionally, the *Colorado River* abstention bars this court from asserting jurisdiction over the complaint. *See Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 818 (1976).

In *Colorado River,* the Supreme Court derived a list of factors that weighed in favor of dismissing a federal suit "due to the presence of a concurrent state proceeding." *Id.* Federal courts must consider: "(1) whether either the state or federal court has exercised jurisdiction over a *res;* (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the forums obtained jurisdiction." *40235 Washington St. Corp. v. Lusardi,* 976 F.2d 587, 588 (9th Cir. 1992) (citing *Colorado River,* 424 U.S. at

**James C. Mahan**
**U.S. District Judge**

818). Relevant here, the Supreme Court derived the first factor from cases applying the prior exclusive jurisdiction doctrine. *See Colorado River,* 424 U.S. at 818.

Consistent with those principles, the Ninth Circuit has made clear that when there are "pending state court proceedings" involving a single property, the first *Colorado River* factor bars federal courts from exercising jurisdiction over that property because "the forum first assuming custody of the property at issue has exclusive jurisdiction to proceed." *Lusardi,* 976 F.2d at 588–89 (holding that when the first *Colorado River* factor is applicable, it is "dispositive," and consideration of the other factors is unnecessary).

Consequently, counts one, two and four, which all require *in rem* or *quasi in rem* jurisdiction over the property, are dismissed without prejudice. BANA may refile if it can demonstrate that the parallel state court action has been fully dismissed. The court also dismisses count two without prejudice, not based upon the prior exclusive jurisdiction rule, but under 28 U.S.C. § 1367(c)(3). Consequently, the court need not address the merits of the HOA's motion to dismiss for failure to exhaust administrative remedies.

### III. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Premier One's motion to dismiss (doc. #26) is GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED that the HOA's motion to dismiss (doc. #16) is DENIED as moot.

The clerk is instructed to close the case.

DATED March 14, 2016.

*[signature]*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -